UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21517-STRAUSS

**AHMED PEREZ,**

    Plaintiff,

v.

**MODIVCARE INC.**, *et al.*,

    Defendants.

_____/

## ORDER

THIS MATTER came before the Court for a hearing on September 19, 2024, upon the parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal ("Motion to Approve") and Plaintiff's Motion to Enforce Settlement Agreement Against Logistica X LLC and Xabely Alonso ("Motion to Enforce"). [DE 46, 47]. For the reasons stated below and on the record at the hearing, the Motion to Approve is **GRANTED** and the Motion to Enforce is **DENIED without prejudice**.

## BACKGROUND

Plaintiff, Ahmed Perez ("Perez"), filed his original Complaint on April 22, 2024, and then an Amended Complaint on May 24, 2024. *See* [DE 1, 13]. The Amended Complaint contained the following causes of action: (1) breach of agreement against Defendant Logistica X LLC ("Logistica"); (2) quantum meruit against Logistica and Defendant ModivCare Inc. ("ModivCare"); (3) unjust enrichment against Logistica and ModivCare; (4) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA") against Logistica, Defendant Xabely Alfonso ("Alfonso"), and ModivCare; (5) failure to pay overtime compensation

in violation of the FLSA against Logistica, Alfonso, and ModivCare; and (6) FLSA retaliation against Alfonso. [DE 13].

The Court referred the matter to me to conduct a settlement conference. [DE 6]. The settlement conference took place on July 10, 2024, and the parties reached an agreement to resolve the matter. [DE 40]. At the end of the settlement conference, I read the material terms of the agreement into the record, confirmed with each party and their attorney that I accurately stated the material terms, and had each party confirm on the record that they agreed to the material terms. I then instructed the parties to reduce the material terms stated orally on the record during the settlement conference to writing and submit the signed settlement agreement to the Court for approval.

The next day, the parties consented to proceed before me and have me "conduct any and all further proceedings in the case, including the trial, and order the entry of judgment." [DE 41]. The Honorable Raag Singhal, the presiding District Judge, then administratively closed the case, ordered the parties to file a motion for approval of settlement and stipulation for dismissal by August 12, 2024, and referred the case to me to conduct all proceedings in accordance with the parties' earlier filed joint stipulation. [DE 42, 43].

The August 12, 2024 deadline passed without the parties filing a motion for approval of settlement and stipulation for dismissal. I entered an Order to Show Cause as to why the parties had not done so. [DE 44]. ModivCare responded and explained that Perez and ModivCare have signed the settlement agreement but that Logistica and Alfonso had not. [DE 45]. ModivCare's response also indicated that Logistica and Alfonso were representing to Perez and ModivCare that they were experiencing financial issues and may not be able to sign the settlement agreement. *Id.*

Nevertheless, the parties (including Logistica and Alfonso) filed the Joint Motion to Approve on August 17, 2024. That same day (and filed contemporaneously with the Motion to Approve), Perez filed his Motion to Enforce. Logistica and Alfonso failed to file a Response to the Motion to Enforce. I then set a hearing on the two motions for September 19, 2024. [DE 49].

## ANALYSIS

### I. Motion to Approve

#### a. Binding Settlement Agreement

The parties have a binding settlement agreement between them. Generally, "the law of contracts governs the construction and enforcement of settlement agreements." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999). In determining whether to enforce a settlement agreement, federal courts rely on state law principles. *See id.* As this is a diversity action, the Court must look to Florida law in determining whether an enforceable agreement was reached between the parties. Under Florida law, "an objective test is used to determine whether a contract is enforceable." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). "A party seeking a judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party." *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992). For a settlement agreement to be judicially enforceable, the settlement must be "sufficiently specific and mutually agreeable" as to the material terms. *Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So. 3d 441, 444 (Fla. 3d DCA 2019).

Here, the parties participated in a court-ordered settlement conference. During that conference the parties reached an agreement on all material terms. The parties agreed to the dollar amount that Defendants would pay to Perez to settle the claim, when the payments would be due, the ramifications for a late or non-payment, that there would be a mutual general release of all

3

parties, that the parties would not disparage one another, that Defendants would not rehire Perez and that Defendants were not admitting liability, and that the Court would retain jurisdiction to enforce the settlement agreement for a period of sixty days following approval of the settlement agreement.  These terms were stated on the record.  Each party confirmed that they understood the terms and that they agreed to the terms.[1]  At that point, there was a mutual meeting of the minds as to the material terms and a binding settlement agreement was in place.  All that remained was for the parties to reduce the oral agreement into writing and submit it to the Court for approval.

At the September 19, 2024 hearing, Logistica and Alfonso argued that there was no agreement between the parties because the parties still had to reduce the agreement into writing. They also indicated that, after entering into the oral agreement, Alfonso spoke with an accountant who advised that she could not financially comply with the terms of the settlement.  These arguments are unavailing.  First, an agreement stated on the record in front of a magistrate judge that details the material terms of the settlement is binding.  *See Clough Mktg. Servs., Inc. v. Main Line Corp.*, 313 F. App'x 208, 211 (11th Cir. 2008).  A later drafting of a written agreement may have been a condition of the performance, but it was not necessary for the parties to reach an agreement to settle.  *Id.*  Furthermore, Alfonso's later realization that she may be unable to perform the terms of the agreement does not undermine the fact that she assented and bound herself to those terms.

During the September 19, 2024 hearing, after reciting what the parties had stated on the record at the settlement conference acknowledging the material terms, their understanding of the

---

[1] Again, these material terms, and the parties' indications that they understood and agreed to these material terms, was on the record and digitally recorded.  The above description of the material terms and the parties' statements is based on that recording.  Therefore, there can be no factual dispute requiring an evidentiary hearing as to what the terms were or whether the parties indicated their assent.

4

material terms, and their acceptance of the material terms, I gave Logistica and Alfosno an opportunity to explain why there was no binding agreement. In response, they abandoned their argument and conceded that a binding agreement existed. Therefore, the parties were all in agreement that a binding settlement agreement had occurred, and that the Court could proceed with a fairness hearing evaluating the terms of the oral agreement (regardless of the fact that Alfonso and Logistica had not executed the written agreement).

### b. Fairness Hearing

FLSA cases "can only be settled or compromised in one of two ways: a supervised payment by the Secretary of Labor or a court-approved settlement of a private action." *Powell v. Carey Int'l, Inc.*, 558 F. Supp. 2d 1265, 1268 (S.D. Fla. 2008). A court can only approve a stipulated agreement after "scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). When "scrutinizing the settlement for fairness," the court should consider the following factors: "(1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Cox v. Bluetriton Brands, Inc.*, No. 22-CV-61301, 2022 WL 18231477, at *1 (S.D. Fla. Dec. 19, 2022), *report and recommendation adopted,* 2023 WL 158181 (S.D. Fla. Jan. 11, 2023) (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

During the September 19, 2024 hearing, I conducted a fairness hearing as to whether the oral settlement agreement was "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. After reviewing the terms stated and agreed-to on the record at the settlement conference (which are materially consistent with the partially-executed

written agreement submitted with the Motion to Approve [DE 46–1]), I found that the agreement was "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The settled amount would make Perez whole, or very close to it, based on the allegations in his Amended Complaint, there was no collusion between opposing attorneys and parties, the nature of the allegations indicated that the litigation would not be simple and would possibly drag out for an extended amount of time, the parties reached their agreement early in the litigation, and the amount set aside for Perez's attorney's fees was not excessive. Accordingly, the Motion to Approve is granted.

## II.     Motion to Enforce

"[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d 1395, 1399 (11th Cir. 1987). Both Florida and federal courts highly favor settlement agreements and will enforce them whenever possible. *Broadnax v. Sand Lake Cancer Ctr., P.A.*, 819 F. App'x 799, 801 (11th Cir. 2020).

Nevertheless, the Motion to Enforce is due to be denied at this time. As stated above, FLSA cases "can only be settled or compromised in one of two ways: a supervised payment by the Secretary of Labor or a court-approved settlement of a private action." *Powell*, 558 F. Supp. 2d at 1268. Until the fairness hearing on September 19, 2024, (and this Order) the Court did not approve the parties' settlement agreement. Indeed, the material terms of the settlement agreement at the end of the settlement conference included that "[Defendants'] payments [for the FLSA overtime and minimum wage claims] will be due within 10 days of Defendants receiving a signed settlement agreement and completed 1099 forms **subject to the settlement agreement's approval by the Court."** When Perez contemporaneously filed his Motion Enforce, mere minutes after the

parties filed their Motion to Approve, the Court had not yet approved the settlement agreement. As a result, there was nothing yet to enforce. Thus, the Motion to Enforce is denied without prejudice.

With that being said, the Court has now approved the settlement agreement. Therefore, the parties are now bound to the agreement, and Alfonso and Logistica must comply with the agreed upon terms. Failure to comply with the settlement agreement's terms could result in the parties ending up right back in court, accruing additional fees and costs. Indeed, as stated below, I am specifically ordering the parties to comply with their settlement agreement.

### III.   *Ore Tenus* Motion for Attorney's Fees

Lastly, during the September 19, 2024 hearing, Perez moved for attorney's fees for the time expended in preparing his Motion to Enforce and attending the hearing. The motion for attorney's fees is denied. First, many judges in this district require the parties to attend a fairness hearing in FLSA cases before approving the parties' settlement agreement. Consequently, counsel's time for appearing at the hearing was not necessarily due to Alfonso's or Logistica's refusal to sign the written agreement (although those actions certainly complicated matters). Second, for the reasons explained above, Perez's Motion to Enforce was denied, and awarding attorney's fees for a motion that was ultimately denied is inappropriate at this time.

### CONCLUSION

1. The Motion to Approve is **GRANTED**. The Clerk of Court is instructed to **CLOSE** this case. The Court will retain jurisdiction to enforce the settlement agreement for a period of sixty days (as everyone agreed at the settlement conference). The parties are hereby **ORDERED** to comply with the terms of their settlement agreement.

2. The Motion to Enforce is **DENIED without prejudice**.

3. Perez's *Ore Tenus* Motion for Attorney's Fees is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of September 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge